IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WALTER SPELLER,**

    Plaintiff,

v.                                                                                    Civil Action No. **3:24CV712 (RCY)**

**V. PARKER,** *et al.***,**

    Defendants.

## MEMORANDUM OPINION

Walter Speller, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of the Particularized Complaint (ECF No. 16) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or

complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); and then citing *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

In his Particularized Complaint, Speller names as Defendants the following: V. Parker, law library staff; and R. Brown, Operation Manager. ECF No. 16, at 1, 2.[2] Plaintiff alleges as follows:

1. On September 5, 2024, from RHU: segregation (A:cell 8), I, Walter Speller, #1008851, requested service from the law library at Haynesville Correctional Center.
2. September 6, 2024, law library staff: V. Parker responded back with a demanding order that Speller had to make an appearance to the D.O.E. building. . . . Furthermore, V. Parker neglects the fact that Speller requested cited cases on cruel and unusual punishment.
3. September 9, 2024, Speller filed a grievance complaint. . . .
4. Grievance number: HCC-24-WRI-01361 was assigned to Operation Manager R. Brown. . . . However, R. Brown (O. Manager) never responded to this action, as well as never came down to RHU: segregation to talk to Speller in person about this action, and or took additional measures to provide Speller the legal service that he (Speller) so respectfully requested; neither did V. Parker. Because of V. Parker's and R. Brown's negligent behavior, this was a direct violation to Speller's 1st, 5th, and 14th

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, extraneous emphases and stray parentheses in the quotations from the Complaint, without further notation.

3

> Amendments to the Constitution that governs Speller's fundamental right(s) to access and use the court system.

*Id.* at 1–2. Speller seeks $17,000 in monetary damages. *Id.* at 2.

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Speller's Particularized Complaint will be dismissed for failure to state a claim and as legally frivolous.

As a preliminary matter, Speller fails to allege sufficient facts to demonstrate that the Fifth Amendment[3] is implicated by the conduct alleged. Accordingly, any claim under the Fifth Amendment is DISMISSED for failure to state a claim and as legally frivolous.

Inmates have a constitutional right to reasonable access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996). There are two categories of reasonable access to the courts claims. In the first category, "the essence of the access claim is that official action is presently denying [an inmate] an opportunity to litigate." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). In this type of case,

> [t]he opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed.

---

[3] The Fifth Amendment states in relevant part: "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V. This clause applies to actions taken by federal actors. Speller is alleging claims against state Defendants, and the Fourteenth Amendment due process clause, not the Fifth Amendment due process clause, applies to his claims.

4

*Id.* The second category covers "specific cases that cannot now be tried . . . no matter what official action may be in the future" and look "backward to a time when specific litigation ended poorly, or could not have been commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 413–14 (footnotes omitted). No matter the type of claim raised, the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Therefore, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

In order to plead either type of claim of denial of access to the courts,[4] a plaintiff must allege that he suffered actual injury—namely, that he was somehow precluded from pursuing a "nonfrivolous, arguable underlying claim." *Id.* at 415–16 (citing *Lewis*, 518 U.S. 343, 353 & n.3).[5] Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Id.* at 417 (footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. Additionally, the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *Fennell*

---

[4] The Supreme Court has indicated the right of access to the courts sounds in both the First Amendment and the Due Process Clause of the Fourteenth Amendment. *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." (citation omitted)); *see also Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ("The right of access to the courts . . . is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). The Court need not engage in a discussion of which amendment applies here, because Speller's claim lacks merit.

[5] A plaintiff who has satisfied this first element, must also allege facts indicating that he lacks any other "remedy that may be awarded as recompense" for the lost claim other than the instant suit. *Christopher*, 536 U.S. at 415. This is because there is "no point spending time and money to establish facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access-element." *Id.* Because Speller has not identified a non-frivolous claim that Defendants prevented him from litigating, the Court need not address this second element.

*v. Allen*, No. 3:09CV468, 2011 WL 2144560, at *2 (E.D. Va. May 31, 2011) (citation omitted). Furthermore, "[t]he fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Id.* (citation omitted).

Speller fails to identify whether Defendants' conduct purportedly interfered with his ability to file a new lawsuit or one in the past. Nevertheless, Speller's Particularized Complaint is completely devoid of any allegations concerning an actual injury to non-frivolous litigation, which is essential to either type of claim. Indeed, Speller identifies no predicate claim that the Defendants are preventing or have prevented him from litigating. In his Particularized Complaint, Speller indicated that he wanted unidentified "cited cases on cruel and unusual punishment." ECF No. 16, at 1.[6] However, Speller fails to allege why he required these cases, much less that he needed these cases to raise a specific, non-frivolous claim. Given this, Speller wholly fails to describe a "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416 (footnote omitted). Thus, Speller fails to allege actual injury from Defendants' actions, which is fatal to his claim. *See Taylor v. Manis*, No. 7:20CV121, 2021 WL 519903, at *4 (W.D. Va. Feb. 11, 2021) (explaining that a "lack of specificity as to any resulting harm [to ongoing litigation in a specifically identified case] renders his claims subject to dismissal"), *aff'd* 2022 WL 4534270 (4th Cir. 2022).

---

[6] Although the Court may not consider documents outside the Particularized Complaint in screening, the Court notes that Speller was also asking Defendants for a "1983 package, and a habeas corpus package." ECF No. 16-1, at 1.

In sum, Speller fails to allege facts suggesting an actual injury to non-frivolous litigation. Accordingly, Speller's claim under the First and Fourteenth Amendment, and thus the action as a whole, are DISMISSED for failure to state a claim and as legally frivolous.

## IV.  CONCLUSION

For the foregoing reasons, Speller's claims and the action will be DISMISSED for failure to state a claim and as legally frivolous.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  August 25, 2025
Richmond, Virginia